UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREGORY SWETRA,**<br><br>                    Plaintiff,<br>v.<br><br>**DIRECTV, LLC.,**<br><br>                    Defendant. | Civil Case No.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant DirecTV, LLC ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has placed repeated telephone calls to Plaintiff Gregory Swetra's cellular telephone without his prior express consent.

3. These calls were in reference to the account of a third-party with whom Plaintiff has no affiliation.

4. Plaintiff does not have, nor has he ever had, an account with DirecTV.

5. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1). Furthermore, many, if not all, of these calls were made using a prerecorded voice.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District. Venue is additionally proper because Plaintiff currently resides in this District.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Cinnaminson, New Jersey. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Defendant DirecTV, LLC. is, and at all times mentioned herein was, a corporation headquartered at 2230 E Imperial Hwy, El Segundo, CA 90245. Defendant conducts significant business in New Jersey and nationwide.

11. Defendant DirecTV, LLC. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

12. Over approximately the past year Defendant has placed numerous telephone calls to Plaintiff's cellular telephone, number 856-###-2596.

13. These calls originated from Defendant, including, but not limited to, Defendant's telephone number 888-473-4860.

14. These calls were all in reference to an account of a third-party with whom Plaintiff has no affiliation.

15. Plaintiff does not, nor has he ever had, an account with Defendant.

16. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The

system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. This is evidenced by the frequency of these calls, the persistence of these calls, and that these calls all used an automated or prerecorded voice when Plaintiff answered. Many of these calls also had an unnatural period of silence when Plaintiff picked up the phone. All of this suggests that Defendant's calls used equipment that meets the definition of an "automatic telephone dialing system" in making calls to Plaintiff.

18. Plaintiff never gave Defendant his prior express consent to make such calls to his cellular telephone.

19. In addition, Plaintiff has asked Defendant to stop calling his cellular telephone. These requests have been ignored.

20. Plaintiff has suffered actual damages as a result of the Defendant's telephone calls, including, but not limited to, device storage, data usage, and an invasion of his privacy.

21. Plaintiff is entitled to statutory damages and injunctive relief.

## FIRST CAUSE OF ACTION
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**

22. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

23. Defendant placed repeated calls to Plaintiff on his cellular telephone.

24. These calls all used an automatic telephone dialing system.

25. Many, if not all, of these calls used an automated or prerecorded voice.

26. Plaintiff did not consent to Defendant placing such calls to his cellular telephone.

27. Furthermore, even if he had, Plaintiff has asked Defendant to stop calling.

28. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gregory Swetra prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.*;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award statutory damages;

D. An award of actual damages;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** December 19, 2015.

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com