## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GREGORY SWETRA, | : | |
| | : | |
| Plaintiff, | : | Civil No 15-8761 (RBK/AMD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DIRECTV, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**KUGLER**, United States District Judge:

This case arises from the alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") by Defendant DirecTV, LLC ("Defendant") in making calls to Plaintiff Gregory Swetra ("Plaintiff"). Presently before the Court is Defendant's Motion to Dismiss, Transfer, or Stay ("Defendant's Motion") [Dkt. No. 9]. For the reasons that follow, Defendant's Motion will be **DENIED**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   Plaintiff's Complaint

The facts recited here are as alleged in the Complaint [Dkt. No. 1]. Throughout 2015, Defendant placed numerous calls to Plaintiff's cellular telephone. (Compl. ¶ 12.) All of the calls were in reference to an account of a third party with whom Plaintiff has no affiliation. (Compl. ¶ 14.) Plaintiff has not ever held an account with Defendant. (Compl. ¶ 15.) The calls all used an automated or prerecorded voice when Plaintiff answered, and many of them had unnatural periods of silence when Plaintiff picked up the phone. (Compl. ¶ 17.) Plaintiff never gave

Defendant his prior express consent to make these calls, and Plaintiff's requests that Defendant stop these calls have gone unheeded.  (Compl. ¶¶ 18–19.)

Plaintiff filed the Complaint in this matter on December 19, 2015, requesting statutory damages and injunctive relief.  (*See generally* Compl.)  Defendant filed the instant motion on February 5, 2016 on the grounds that pursuant to the "first-to-file" rule, Plaintiff's case should be dismissed, transferred, or stayed in light of a previously pending action in the Central District of California.  (*See* Def.'s Mot. Br. [Dkt. No. 9-1] at 2.)

**B.     The Brown Action[1]**

In November of 2012, Jenny Brown ("Brown") joined a putative class action matter in the Eastern District of Missouri alleging violations of the TCPA against various defendants.  (*See* Brown Docket Sheet (Def.'s Ex. A [within Dkt. No. 9-2]) at Entry 48.)  Brown's claims individually and as a representative of the putative class were severed from those of the individual claims of her co-plaintiff, and the matter was transferred to the Central District of California on February 19, 2013.  (*See id.* at Entry 71.)  Brown filed an amended complaint in August of 2013 naming DirecTV, LLC—Defendant here—as a defendant in her case, and the operative Fourth Amended Complaint was filed on October 1, 2013.  (*See id.* at Entry 111, 122; Brown Fourth Am. Compl. (Def.'s Ex. B [within Dkt. No. 9-2]).)  Brown generally alleges that Defendant made calls to her cellular phone without her express consent.  (Brown Fourth Am. Compl. ¶ 1.)  Brown also alleges that she had no relationship with Defendant.  (*Id.* ¶ 50.)  Brown has proposed that she be the representative of a class of persons:

> [R]esiding within the United States who, on or after four years prior to the filing of this action, received a non-emergency telephone call(s) from DIRECTV and/or its third-party debt collectors regarding a debt allegedly owed to DIRECTV, to a cellular telephone through the use of an automatic telephone dialing system or an

---

[1] *Brown v. DirecTV, LLC*, No. 2:13-cv-1170 (C.D. Cal. transferred Feb. 19, 2013)

artificial or prerecorded voice and who did not provide the cellular phone number called on any initial application for DIRECTV service.

(*Id.* ¶ 55.)  The proposed class explicitly excludes "claims related to telemarketing calls, and claims for personal injury, wrongful death and/or emotional distress."  (*Id.*)  Brown requests statutory damages and injunctive relief on behalf of the proposed class.  (*Id.* at Prayer for Relief.)

## II.    JURISDICTION

Plaintiff's brings his claim against Defendant based solely on violations of the TCPA, specifically violations of 47 U.S.C. § 227(b)(1)(A)(iii).  Accordingly this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(g)(2).

## III.    LEGAL STANDARD

### A.    The "First-Filed" Rule

The first-filed rule provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."  *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (internal quotations omitted).  For the first-filed rule to be applicable, "the later-filed case must be truly duplicative of the suit before the court.  That is, the one must be materially on all fours with the other.  The issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other."  *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 333 n.6 (3d Cir. 2007) (internal quotations, citations, and alterations omitted).  "Although exceptions to the rule are rare, courts have consistently recognized that the first-filed rule is not a rigid or inflexible rule to be mechanically applied . . . . [as it is] grounded on equitable principles."  *Univ. of Pa.*, 850 F.2d at 976–77 (citations omitted).  "Once a court finds that the first-filed rule applies, the Court must decide[ ] whether the later-

filed action should be dismissed, stayed, or transferred pursuant to 28 U.S.C. § 1404(a)."

*Abushalieh v. Am. Eagle Express*, 716 F. Supp. 2d 361, 367 (D.N.J. 2010).

### B.     Standard Under 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought or

to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The

decision whether to transfer an action pursuant to § 1404(a) is within the Court's discretion and

is reviewed for abuse of discretion.  *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 872

(3d Cir. 2013) (citing *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43 (3d Cir. 1988)); *Santi v.*

*Nat'l Bus. Records Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010).  The party seeking

transfer of venue bears the burden of establishing that transfer is warranted and must submit

"sufficient information in the record" to facilitate the Court's analysis.  *Hoffer v. InfoSpace.com,*

*Inc.*, 102 F. Supp. 2d 556, 572 (D.N.J. 2000) (citations omitted).  Before transferring venue, the

Court must articulate specific reasons for its decision.  *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d

442, 451 (D.N.J. 1999) (internal quotations omitted).

Under 28 U.S.C. § 1404(a), the court must take into account a wide range of public and

private interests when determining if a transfer to a new venue is appropriate.  *Jumara v. State*

*Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).  The movant bears "the burden of

establishing the need for transfer," and "the plaintiff's choice of venue should not be lightly

disturbed."  *Id.* at 879.  "[U]nless the balance of convenience of the parties is strongly in favor of

the defendant, the plaintiff's choice of forum should prevail."  *Shutte v. Amco Steel Corp.*, 431

F.2d 22, 25 (3d Cir. 1970) (internal quotations omitted).

## IV.    DISCUSSION

The Court must first determine whether the first-filed rule applies in this matter before turning to the issue of what remedy would be appropriate.  Defendant argues that the proposed class in the Brown Action includes Plaintiff, and that both the Brown Action and the instant case involve injunctive and monetary relief for violations of the TCPA.  (Def.'s Mot. Br. [Dkt. No. 9-1] at 4–10.)  In response, Plaintiff submits, *inter alia*, that without a certified class Defendant's arguments are premature, that he does not necessarily fall within the proposed class definition, and that Defendant is taking contrary positions in this litigation and in the Brown Action.  (*See* Pl.'s Opp. [Dkt. No. 10] at 5–18.)  Plaintiff also argues that even if the first-filed rule applies, the private and public factors in the 28 U.S.C. § 1404 analysis do not favor transfer of this case.  (*Id.* at 18–21.)

Plaintiff argues first that the Court should not look to the proposed class definition at all, because the class has yet to be certified.  (Pl.'s Opp. at 5–7.)  It is true that merely seeking to have a class action does not in and of itself create an actual class in federal court until the court has certified the class pursuant to Federal Rule of Civil Procedure 23.  *See Smith v. Bayer Corp.*, 564 U.S. 299, 314–15 (2011).  But this does not mean that the proposed class definition is irrelevant to the analysis under the first-filed rule.  Indeed, case law is to the contrary in this District.  *See, e.g.*, *Worthington v. Bayer Healthcare, LLC*, Civ. No. 11-2793 (ES), 2012 WL 1079716, at *4 n.3 (D.N.J. Mar. 30, 2012) (evaluating the proposed class definition to determine whether the competing actions were focused on the same subject matter before the class had been certified).  Further, Defendant is correct that because both cases are TCPA actions and seek monetary and injunctive relief, the first-filed rule may be applicable.  Thus, the Court does find it instructive to look to the proposed class definition in the Brown Action.

5

Although the cases are in general agreement that a proposed class definition is sufficient to invoke the first-filed rule, the class action cases discussed by Defendant all deal with overlapping proposed class actions, and not an individual filing after a proposed class action. *Peterson v. Aaron's, Inc.*, No. 14-cv-1919, 2015 WL 224750 (N.D. Ga. Jan. 15, 2015); *Worthington*, 2012 WL 1079716, at *1 (involving four proposed nationwide classes); *Askin v. Quaker Oats Co.*, No. 11-cv-111, 2012 WL 517491 (N.D. Ill. Feb. 15, 2012) (involving two proposed nationwide classes); *Herman v. YellowPages.Com, LLC*, No. 10-cv-195, 2011 WL 1615174 (S.D. Cal. Mar. 29, 2011) (same); *Catanese v. Unilever*, 774 F. Supp. 2d 684 (D.N.J. 2011) (same); *Abushalieh*, 716 F. Supp. 2d at 361 (same); *Moore v. Morgan Stanley & Co., Inc*, No. 07-cv-5606, 2007 WL 4354987 (N.D. Ill. Dec. 6, 2007) (same).

The only case with potentially analogous reasoning is *Moore*. In *Moore*, the second-filed plaintiffs sought to bring a nationwide class alleging discriminatory employment and hiring practices based on race. 2007 WL 4354987, at *1. The class proposed in *Moore* would include those who were not covered by the proposed class in the first-filed action. *Id.* at *1–2. At the time the complaint was filed in *Moore*, the first-filed action had already arrived on a proposed settlement class for the class race claims. *Id.* The court there found that for the individual plaintiffs whose claims would not be covered by the first-filed action, a stay was appropriate. *Id.* at *2. The court further found that their "assertion they intend to opt out of the [first-filed action] settlement is mere conjecture at this point." *Id.*

However, *Moore* is distinguishable on two points. First, *Moore* involved a proposed class action as the second-filed action. Plaintiff here brings an individual complaint. Second, the defendant in *Moore* agreed that there was a class in the first-filed action. Here, Defendant has vehemently opposed class certification in the Brown Action.

6

On this second point of distinction, the Court agrees with Plaintiff that Defendant's contrary positions are striking, and to Defendant's detriment here.  In the Brown Action, Defendant has been quite content to argue consistently against class certification, as pointed out by Plaintiff.  (*See* Pl.'s Opp. at 8–9.)   Defendant went so far as to file a motion to strike the Brown Fourth Amended Complaint in order to preempt any class certification briefing.  (*See* Def.'s Mot. Strike (Pl.'s Ex. A [Dkt. No. 10-1].)[2]  Defendant has taken the following positions with respect to the workability of a class in the Brown Action:

- "Plaintiff Jenny Brown ('Plaintiff') has repeatedly tried to define a certifiable class, but simply cannot do so."  (*Id.* at 1);

- "A plaintiff whose **<u>fourth</u>** complaint still fails to define an ascertainable class should not be permitted to drag a company through the massive expense of resources and fees involved in defending itself on a classwide basis."  (*Id.*) (emphasis in original);

- "[C]lass procedures would be unmanageable not only because of the require individual mini-trials on consent, but because of a federal statute that prevents [Defendant] from disclosing its customers' personal information to Plaintiff absent prior consent from each of those customers."  (*Id.* at 2);

- "Class procedures were never considered [for TCPA claims], and that is why attorneys' fees were not included and statutory damages were set at the not insignificant amount of $500 per call (with the possibility of trebling)—*to incent individuals to pursue their own claims* while still preserving fairness to telemarketer defendants."  (*Id.*) (emphasis added);

- "[T]his Court should strike from the Prayer for Relief the injunctive remedy sought by Plaintiff."  (*Id.*);

- "[I]t is apparent from the face of the [Brown Fourth Amended Complaint] that the proposed class against [Defendant] *is not ascertainable* and is an *improper fail-safe class*."  (*Id.* at 6) (emphasis added);

---

[2] The Court recognizes that the court in the Brown Action subsequently denied Defendant's motion to strike.  (*See* Minute Order (May 27, 2014) [Dkt. No. 153 in the Brown Action].)

- "The individual factual inquiries involving a class member's consent to be called will dwarf any common disputed issues, rendering the class not ascertainable." (*Id.* at 7);

- "When it is so clear that Plaintiff will not be able to meet the ascertainability requirement, the Court should strike the class allegations rather than force the parties to engage in expensive and time-consuming class certification briefing." (*Id.* at 10);

- "It is readily apparent that class treatment of TCPA claims against [Defendant] is not superior to individual treatment, as required by Rule 23." (*Id.* at 11);

- "[T]he drafters crafted the [TCPA] with individual actions in mind as the superior method for handling claims." (*Id.* at 12);

- "[T]he disproportionate level of statutory damages of $500 per call, when compared to the nuisance of an unwanted phone call, was set at that level to incentivize consumers to pursue their claims in small claims court without an attorney in an effort to balance fairness to consumers to the telemarketers who called them in violation of the TCPA.  That balance of fairness is thrown completely off kilter when class actions, such as this one, are allowed to proceed." (*Id.* at 12–13) (citation omitted); and

- "[Plaintiff] can pursue her individual claims for $500-$1500 for each of the six calls she claims to have received—a substantial amount of statutory damages when Plaintiff does not allege (because she cannot) actual harm from the call attempts." (*Id.* at 17.)

Additionally, the Court finds highly persuasive the reasoning of the court in *Feggins v. LVNV Funding LLC* (*In re Feggins*), No. 14-1049, 2014 WL 7185376, at *2–3 (Bankr. M.D. Ala. Dec. 16, 2014).  In *Feggins*, the debtor-plaintiff brought suit on claims which LVNV, the creditor-defendant, argued were subsumed by a first-filed proposed class action called *Brock v. Resurgent Capital Servs., LP*.  *Id.* at *2.  The court in rejecting the argument noted:

> [LVNV] therefore assumes for purposes of its motion here that a class will be certified, yet in *Brock* it is actively opposing class certification.  LVNV cannot have it both ways.  As it is opposing class certification in *Brock*, in cannot properly take a position premised on the assumption that a class will be certified in *Brock*.  LVNV is arguing to the District Court in *Brock* that a class should not be certified—

meaning that each putative class member should bring his own suit—while arguing here Feggins' remedy is in *Brock*. Such machinations are disingenuous.

*Id.* at *3.

The Court finds the facts here identical. Defendant has not tried to distinguish *Feggins* at all, merely suggesting that "the defendant may not have explained the situation well to that judge." (Def.'s Reply [Dkt. No. 12] at 13.) Defendant further submits—without specific citation—that the court in *Askin* rejected the reasoning in *Feggins*. (*Id.*) However, nowhere in *Askin* does this situation come up. In *Askin*, both the first-filed and second-filed case were putative nationwide class actions, and the *plaintiff* was arguing that the first-filed case would not be able to be certified as a class. *See Askin*, 2012 WL 517491, at *6. That is highly distinguishable from both this case and *Feggins* where the *defendant* has taken contrary positions before two different courts regarding the viability of a proposed class when faced with an individual law suit, and the second-filed action is an individual one.

Finally, Defendant argues that the above-quoted section of *Feggins* poorly reasoned dicta, fails to address judicial efficiency or the potential of class certification, and is contrary to Third Circuit law. (Def.'s Reply at 14 n.5.) The Court disagrees. Although judicial efficiency is a primary concern in the first-filed rule, the Court does not believe that there would be any inefficiency in permitting this case to proceed.

The only inefficiency pointed to by Defendant is that Plaintiff is encompassed in the Brown Action class, so having two courts address the same claims and same issues is wasteful. (*Id.* at 4.) Even if the class were certified in the Brown Action, as explained by Plaintiff, his claims would not necessarily fall within the class. (Pl.'s Opp. at 10–11.) Plaintiff here alleges nothing about the types of calls he received. (*See* Compl.) It is improper for this Court to assume that Plaintiff received debt collection calls—a requirement to be a member of the

proposed class in the Brown Action—when Plaintiff does not assert that the calls he received were related to a debt, and does not even attempt to characterize the types of calls he received. As noted by Plaintiff, his calls may have been telemarketing calls, which would render his claims specifically excluded under the proposed class definition. (*See* Pl.'s Opp. at 11.) In reply, Defendant for the first time raises the prospect that another proposed class action in the Central District of California may have a proposed class definition that includes Plaintiff. (*See* Def.'s Reply at 15.) If Defendant wanted to argue that case was the first-filed action and precluded Plaintiff's claims, then Defendant should have made that argument initially instead of relying on the Brown Action.

The Court notes that Plaintiff does acknowledge that his "calculus may change" should the proposed class in the Brown Action be certified. (Pl.'s Opp. at 14.) Although this undercuts Plaintiff's argument against the first-filed rule applying, it does not completely take the legs out. The fact remains that none of the calls Plaintiff received, based on the Complaint, can conclusively fall within the proposed class definition in the Brown Action.

In sum, Defendant first represented to another judge that a class action is "unworkable," "unmanageable," and that TCPA claims against Defendant should never be given class treatment. Defendant has now come before this Court and argued that Plaintiff is part of the same proposed class requiring that this Court must take away Plaintiff's ability to litigate individually at this time. Defendant does so even though Plaintiff may not actually be within the proposed class. This is improper, and cannot be. Under these circumstances, the Court finds that the first-filed rule does not apply.[3] Further, Defendant makes no arguments regarding the

---

[3] Even if this Court were to find that the first-filed rule applies, it is a rule of equity and exceptions to its application include, among other grounds, rare or extraordinary circumstances (continued)

appropriateness of transfer under 28 U.S.C. § 1404 aside from arguing under the first-filed rule. As such, Defendant's Motion cannot be granted, and Plaintiff's case may proceed here as filed.

**V.      CONCLUSION**

For the foregoing reasons, the Defendants' Motion will be DENIED.  An appropriate order accompanies this opinion.

Date:  August  9th , 2016

 s/ Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.

---

(continued)
and inequitable conduct.  *Univ. of Pa.*, 850 F.2d at 972.  The contrary positions taken by Defendant are such that the Court would find an exception to the first-filed rule.  Further, the Brown Action, as noted in a footnote by Defendant in the moving brief, has been stayed pending a review of an order from the Federal Communications Commission in the D.C. Circuit.  (Def.'s Mot. Br. at 4 n.3.)  It seems unfair and potentially prejudicial to Plaintiff to have the outcome in his case delayed based on the outcome in a case that is currently stayed while waiting for a decision from an appeals court.  This would also countenance the Court to conclude that a stay, dismissal, or transfer under the first-filed rule would be improper.  The Court does not reach the analysis under 28 U.S.C. § 1404, nor does the Court make any finding with regards to Plaintiff's judicial estoppel argument.

11